In making the disposition which I have of this case, I have had fully in mind its great importance to the defendants in error as well as to the plaintiffs in error. I presume the principal complaint will be with regard to the conclusions which I draw from the record.

On this subject I simply suggest a careful, candid, unbiased examination of the record.

I do not find any of the other errors assigned well taken. On that relating to peremptory challenges, see *Cincinnati* v. *Neff*, 19 Bull., 404; *Moore* v. *Union*, 23 Bull., 48, and *Gram* v. *Sampson*, 4 C. C., R., 490.

For the errors which I have enumerated, the cause is reversed, and remanded to the probate court for further proceedings.

---

### DAMAGES FOR INJURY TO A MINOR.

Common Pleas Court of Hamilton County.

CARL AULEN, BY CHARLES AULEN, HIS NEXT FRIEND,
V. JULIUS CANTOR.

Decided, July 2, 1912.

*Infants—Pleading in Action for Injuries to Minor—Real Plaintiff the Minor, Though Suit is by Next Friend—Section 7997.*

In an action by a minor through his next friend for damages for personal injuries, a motion lies to strike from the petition items of expense for board, lodging and medical care as being irrelevant and immaterial.

*H. L. Hohenstein* and *Nicholas J. Hoban,* for plaintiff.
*Robertson & Buchwalter* and *Theodore C. Jung,* contra.

DICKSON, J.

The plaintiff minor, by his next friend, in this case his father, brings this action to recover damages for personal injuries re-

ceived by being hit by a horse driven by the defendant. Among the damages sought are expenses for board and lodging and medical care and attention.

The defendant moves to strike these items from the petition, being "irrelevant and immaterial," because the minor has no right of action for such items because the father is liable therefor, and hence would be entitled to any damages thereto. A minor has as such no standing in court, hence some one must represent him (Section 11247, General Code). The real plaintiff here is the infant and not the next friend. A father is liable for the support of his minor child (Section 7997, General Code. It is his duty to support his minor child. The father has a right to the earnings of his minor child. The next friend need not be the father. Any adult can act as the next friend. The father has a right of action for the loss of the services of his child. The father here has a cause of action against the defendant for certain unusual expenses of board and lodging and unusual expenses for medical care and attention. It is not right that the defendant should be liable for the same damages to two people—the father and the child; that he should pay for the same thing twice; hence the motion to strike out will be granted.

If the action had proceeded and the defendant had paid the infant these items, the father being the next friend in the action and having consented to the payment to the child, of course could not recover, but such is not the case here. The defendant has made his motion in time and it must be granted.